UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LYLE MASTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HEATHER SHIRLEY, et al.,<br><br>　　　　　Defendants. | No.  1:24-cv-00388 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO THIS MATTER<br><br>ORDER RECOMMENDING DISMISSAL OF MATTER FOR FAILURE TO PROSECUTE AND FOR FAILURE TO OBEY COURT ORDERS<br><br>Fed. R. Civ. P. 41(b); L.R. 110<br><br>PLAINTIFF'S OBJECTIONS DUE **AUGUST 23, 2024** |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to obey a court order, here, for failure to file a non-prisoner in forma pauperis application.  Plaintiff will be given fourteen days to file objections to this order.

I.  　RELEVANT FACTS

1

1    On April 2, 2024, Plaintiff's complaint was docketed. ECF No. 1. At that time, he was an
2    inmate at Avenal State Prison. See id. at 26 (Plaintiff's mailing address). Shortly thereafter,
3    Plaintiff was ordered to file an application to proceed in forma pauperis within forty-five days,
4    and he was sent a copy of the application that the Court uses for prisoners. See ECF No. 3.

5    On May 21, 2024, Plaintiff's prisoner application to proceed in forma pauperis was
6    docketed. ECF No. 5. On the same day, however, a notice of change of address was filed by
7    Plaintiff and docketed. ECF No. 6. That notice informed the Court that Plaintiff is no longer
8    incarcerated. Id.

9    Because Plaintiff was no longer incarcerated, on May 22, 2024, the Court issued an order
10   directing Plaintiff either to pay the filing fee in full or to file a non-prisoner application to proceed
11   in forma pauperis. ECF No. 7. A copy of the non-prisoner in forma pauperis application form
12   was sent along with the order. See ECF No. 7-1. Plaintiff was given thirty days to comply with
13   the Court's order. ECF No. 7 at 1. At that time, Plaintiff was informed that failure to obey the
14   order would result in the dismissal of this case. Id.

15   Plaintiff has failed to either to pay the filing fee in full, or to file the non-prisoner in forma
16   pauperis application within the time allotted. As a result, on July 12, 2024, the Court issued a
17   *second* order which: (1) formally disregarded Plaintiff's May 2024 prisoner application to
18   proceed in forma pauperis, and (2) directed Plaintiff a second time either to pay the filing fee in
19   full or file a non-prisoner application to proceed in forma pauperis. ECF No. 8. Once again,
20   Plaintiff was sent the non-prisoner application form. See ECF No. 8-1. He was then given
21   fourteen days to comply with the Court's order. Id. at 3. To date, Plaintiff has neither paid the
22   filing fee, nor filed the non-prisoner in forma pauperis application. He has not responded to the
23   Court's orders in any way.

24   II.    DISCUSSION

25          A.   Applicable Law

26   "[A] released prisoner may proceed in forma pauperis upon satisfying the poverty
27   provisions applicable to non-prisoners." DeBlasio v. Gilmore, 315 F.3d 396, 398-99 (4th Cir.
28   2003) (brackets added) (collecting cases); McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 29, 30

(2d Cir. 1996); see In re Prison Litigation Reform Act, 105 F.3d 1131, 1139 (6th Cir. 1997) (stating upon release, obligation to pay remainder of fees to be determined solely on question of whether individual qualifies for pauper status). Upon release from prison, a former inmate must file an updated in forma pauperis application if he wishes to continue with in forma pauperis status. See Adler v. Gonzalez, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015), report and recommendation adopted, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015) (stating updated in forma pauperis application required if plaintiff wishes to continue with in forma pauperis status); Webb v. Lambert, No. CV 12-00041-H-DLC, 2012 WL 5931889, at *1 (D. Mont. Aug. 29, 2012) (citing DeBlasio, 315 F.3d at 399).

### B. Analysis[1]

This case must be dismissed for failure to prosecute and for failure to obey court orders. The law is clear. In order to commence a case, a litigant must either pay the filing fees in full, or he must file an application to proceed in forma pauperis, and that application must be granted. See 28 U.S.C. §§ 1914(a), 1915(a)(1)-(2). This requirement applies irrespective of whether the

---

[1] The five factors identified in Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.) cert. denied 479 U.S. 829 (1986), and Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) that are typically considered when dismissal for failure to obey a court order or for failure to prosecute are not considered in this order. This is because the Court is not *required* to do so. See Transamerica Life Ins. Co. v. Arutyunyan, 93 F.4th 1136, 1147 (9th Cir. 2024) (citation omitted) (stating not required to recite and individually discuss factors if record permits independent determination of abuse of discretion); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), as amended (May 22, 1992) ("Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered [the five] factors [in Thompson and Henderson] . . . ."); see also Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 890 n.2 (9th Cir. 2019) (stating same and referencing Ferdik, 963 F.2d at 1261).
The record in this case makes the application of the five factors so clear, that no extended discussion of them is necessary in this case. See, e.g., Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (finding same); Transamerica Life Ins. Co., 93 F.4th at 1146-47 (citing Connecticut General Life Ins. Co.) ("It suffices if the district court's analysis, considered in the context of the record as a whole, permits us 'independently to determine if the district court has abused its discretion' in light of these factors.").
The Ninth Circuit will review the record to independently determine if the district court has abused its discretion by dismissing a case for failure to comply with a court order. Ferdik, 963 F.2d at 1261 (citations omitted); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (stating not necessary for court to make explicit findings that it has considered five factors; appellate court may review record independently).

1  litigant is incarcerated.  See 28 U.S.C. § 1915(a)(1)-(2).

2      Plaintiff filed a *prisoner* in forma pauperis application simultaneously with his notice of
3  change of address.  His change of address form indicated that he was no longer incarcerated.  As
4  a result, he was required either to complete a *non-prisoner* application to proceed in forma
5  pauperis or pay the filing fee in full if he wanted this case to begin and proceed forward.

6      Since May 2024, Plaintiff has been given two opportunities to comply with federal law by
7  either paying the filing fee in full, or by filing the non-prisoner in forma pauperis application as
8  well as being warned that his failure to do so would result in a dismissal of this case.  See ECF
9  No. 7 at 1.  Despite these facts, Plaintiff has not done either, nor has he responded to the Court's
10 two orders in any way.  For these reasons, the undersigned will recommend that this matter be
11 dismissed for failure to prosecute and for failure to obey court orders.  See Fed. R. Civ. P. 41(b);
12 L.R. 110.

13     Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a
14 District Judge to this case.

15     IT IS FURTHER RECOMMENDED that this action be DISMISSED without prejudice
16 for failure to prosecute and for failure to obey court orders.  See Fed. R. Civ. P. 41(b); L.R. 110.

17     These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
19 after being served with these findings and recommendations – **by August 23, 2024,** – Plaintiff
20 may file written objections with the Court.  Such a document should be captioned "Objections to
21 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
22 objections within the specified time may waive the right to appeal the District Court's order.
23 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **August 9, 2024**                    **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE