1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 JASON LYLE MASTON, | ) Case No.: 1:24-cv-0388 JLT GSA |
| 12      Plaintiff, | ) ORDER ADOPTING IN PART AND DECLINING ) TO ADOPT IN PART THE FINDINGS AND |
| 13     v. | ) RECOMMENDATIONS, DISMISSING THE ) ACTION WITHOUT PREJUDICE, AND |
| 14 HEATHER SHIRLEY, et al., | ) DIRECTING THE CLERK OF COURT TO CLOSE ) THE CASE |
| 15     Defendants. | ) |
| 16 | ) (Doc. 10) |

17        Jason Maston initiated this action while incarcerated at Avenal State Prison, seeking to hold

18 the defendants liable for violations of his civil rights during his time at Wasco State Prison. (*See*

19 *generally* Doc. 1.) He did not submit payment or an application to proceed in forma pauperis and,

20 shortly after filing his complaint, Plaintiff was released from custody. (*See* Doc. 6.) In the

21 meanwhile, the Court ordered him to pay the filing fee or to apply to proceed IFP. Because he failed to

22 obey the Court's order and failed to prosecute the action, the action is **DISMISSED** without prejudice.

23 **I.      Relevant Background**

24        When Plaintiff filed his complaint in this action, he did not pay the filing fee. On April 5,

25 2024, the Court ordered Plaintiff to submit an IFP application or pay the filing fee within 45 days.

26 (Doc. 3.) On May 21, 2024, Plaintiff filed both a motion to proceed in forma pauperis and a notice of

27 a change address, indicating his release from custody. (Docs. 5, 6.) The Court noted that Plaintiff

28 completed the motion to proceed IFP for prisoners and directed Plaintiff to complete an application for

non-prisoners due to his released status.  (Docs. 7, 8.)

After Plaintiff failed to file a non-prisoner motion to proceed IFP or pay the filing fee, the magistrate judge recommended the action be dismissed for failure to prosecute and failure to obey the Court's orders.  (Doc. 10.)  The Court served the Findings and Recommendations and notified Plaintiff that any objections were due "[w]ithin fourteen days after being served."[1]  (*Id.* at 4.)  The Court advised Plaintiff that the failure to file objections within the specified time may result in the waiver of rights on appeal.  (*Id.*, citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).)  Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.  Having carefully reviewed the matter, the Court concludes the finding that Plaintiff failed to comply with the Court's order is supported by the record.  However, the magistrate judge declined to weigh the factors identified by the Ninth Circuit in prior to the imposition of terminating sanctions.  (Doc. 10 at 3, n. 1 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).)  The magistrate judge indicated the factors were not considered "because the Court is not *required* to do so," and the Ninth Circuit could review the record if needed to determine whether the factors were satisfied.  (*Id.*, emphasis in original). Importantly, however, the Ninth Circuit has repeatedly expressed a preference for the district court to perform such an analysis.  *See Ferdik*, 963 F.2d at 1260-61 ("Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors…"); *Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) (observing that "explicitly addressing the relevant factors when contemplating dismissal" is "the preferred practice"); *see also Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (indicating "the five factors… ***must*** be considered before dismissing a case" for failure to comply) (emphasis added).  Indeed, the Ninth Circuit also indicated dismissal without considering lesser sanctions—one of the *Ferdik* factors— is an abuse of its discretion.  *See, e.g., Malone v. U.S. Postal Service*, 833 F.2d

---

[1] In the Findings and Recommendations, the magistrate judge indicated: "Within fourteen days after being served with these findings and recommendations – by August 23, 2024, – Plaintiff may file written objections with the Court." (Doc. 10 at 4, emphasis omitted.)  However, the document was served by mail on August 24, 2024, and the stated deadline granted Plaintiff fewer than 14 days to respond.  In an abundance of caution, the Court did not take any action on the Findings and Recommendations until more than 21 days passed.

128, 131-132 (9th Cir. 1987) ("The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." [citation omitted].)  Given the Ninth Circuit's clear preference and instructions, the Court declines to adopt the finding of the magistrate judge that such analysis is unnecessary.

## II.      Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order.  *See*, *e.g*., *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone*, 833 F.2d at 130 (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute).

## III.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61.

### A.      Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  This Court cannot, and will not hold, this case in abeyance based upon the failure to comply with the Court's order and failure to

3

continue prosecution in a timely manner.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").  Thus, the first two factors weigh in favor of terminating sanctions. *Adriana In't Corp. v. Lewis & Co.*, 913 F.2d 1406, 1412 (9th Cir. 1990 ("Where a court order is violated, the first two factors support sanctions").

**B.    Prejudice to Defendants**

To determine whether the defendants suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case."  *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)).  Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff has not taken action to further the prosecution of the action, despite being ordered by the Court to complete the non-prisoner *in forma pauperis* form or pay the filing fee.  Therefore, this factor weighs in favor of dismissal of the action.

**C.    Consideration of less drastic sanctions**

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement.  *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262.  As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

In the "First Information Order," the Court informed Plaintiff that failure to comply with an order "will be grounds for imposition of sanctions which may include dismissal of the case."  (Doc. 2 at 1, citing Local Rule 110, Fed. R. Civ. P. 41(b).)  Again, in the order directing Plaintiff to complete the proper application, the Court warned that "[f]ailure to obey this order will result in dismissal of this action."  (Doc. 7 at 1.)  Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements considering alternative sanctions.  *Ferdik*,

963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction).  Accordingly, the warnings satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action.  *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D.    Public policy

Given Plaintiff's failure obey the Court's order and failure to prosecute the action, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV.     Conclusion and Order

Plaintiff failed to obey the Court's order and failed to prosecute this action. As set forth above, the factors identified by the Ninth Circuit support the imposition of terminating sanctions in this action. Thus, the Court **ORDERS**:

1.     The Findings and Recommendations dated August 12, 2024 (Doc. 10) are adopted in part and declined in part.

2.     This action is **DISMISSED** without prejudice.

3.     The Clerk of Court is **DIRECTED** to close the action.

IT IS SO ORDERED.

Dated:   **September 4, 2024**

UNITED STATES DISTRICT JUDGE